```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

Jeffrey I. Grady

    v.                                      Civil No. 11-cv-084-SM

Wal-Mart Stores, Inc.


**O R D E R**

    Jeffrey Grady has sued Wal-Mart Stores, Inc. ("Wal-Mart") for terminating his employment in violation of his rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601-2654.  Before the court is Grady's motion to amend his complaint to: (1) change the name of the defendant from "Wal-Mart Stores, Inc." to "Wal-Mart Stores East, LP"; and (2) add a claim for wrongful discharge.  Defendant does not object to the first proposed amendment, but objects to the addition of a claim for wrongful discharge.  For the reasons that follow, Grady's motion to amend is granted in part and denied in part.

**Legal Principles**

A. Amendment

    The Federal Rules of Civil Procedure provide that, under the circumstances of this case, Grady may amend his amended complaint only with leave of the court.  See Fed. R. Civ. P.

15(a)(2).  However, "[t]he court should freely give leave when justice so requires."  Id.  As the United States Supreme Court has explained:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

Regarding futility, "[i]f the proposed amendment would be futile because, as thus amended, the complaint . . . fails to state a claim, the district court acts within its discretion in denying the motion to amend."  Abraham v. Woods Hole Ocean. Inst., 553 F.3d 114, 117 (1st Cir. 2009) (quoting Boston & Me. Corp. v. Hampton, 987 F.2d 855, 868 (1st Cir. 1993)).  Thus, futility "means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (citing 3 Moore's Federal Practice ¶ 15.08[4], at 15-80 (2d ed. 1983); Vargas v. McNamara, 608 F.2d 15, 17 (1st Cir. 1979)).  "In reviewing for 'futility,' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion."  Glassman, 90 F.3d at 623.

B. Rule 12(b)(6)

A motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), requires the court to conduct a limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  That is, the complaint "must contain 'enough facts to raise a reasonable expectation that discovery will reveal evidence' supporting the claims."  Fantini v. Salem State Coll., 557 F.3d 22, 26 (1st Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  When considering a motion to dismiss under Rule 12(b)(6), a trial court "accept[s] as true all well-pled facts in the complaint and draw[s] all reasonable inferences in favor of plaintiffs." Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp., 632 F.3d 762, 771 (1st Cir. 2011) (quoting SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  United Auto., Aero., Agric., Impl. Workers of Am. Int'l Union v. Fortuño, 633 F.3d 37, 40 (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009))

3

(internal quotation marks omitted).  On the other hand, a Rule 12(b)(6) motion should be granted if "the facts, evaluated in [a] plaintiff-friendly manner, [do not] contain enough meat to support a reasonable expectation that an actionable claim may exist."  Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008) (citations omitted).  Therefore, if "the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal."  Plumbers' Union, 632 F.3d at 771 (citation omitted).

**Background**

In his proposed amended complaint, Grady makes the following allegations.

Grady has been employed by Wal-Mart since 2007.  In March of 2010, he submitted a request for FMLA leave, in anticipation of surgery scheduled for April 2.  His request was granted, for a period from April 2 through April 9.  "Due to a medical complication during his surgical appointment, Mr. Grady did not undergo his scheduled surgery on April 2, 2010."  Am. Compl. (doc. no. 9-1) ¶ 8.  The amended complaint includes no factual allegations that either identify Grady's "medical complication"

or describe the effect, if any, that it had on his ability to work.  "Mr. Grady notified [Wal-Mart]'s Human Resources ["HR"] Department on April 6, 2010 that he would be able to return to work on April 8, 2010 if he was needed to work."  Id. ¶ 9.  For the purposes of ruling on Grady's motion to amend, the court presumes that his "medical complication" on April 2 rendered him unable to work until April 8.

Upon Grady's return to work on April 10, he was asked to meet with his supervisor.  She, in turn, told him "that his employment with Wal-Mart Stores, Inc. was terminated because he had 'cancelled' his leave of absence and was therefore scheduled to work on April 5th through the 7th."  Am. Compl. ¶ 10.  "Mr. Grady was informed that since he did not work on those dates and did not call in, he was being considered a 'no call, no show' in violation of company policy and was therefore being terminated."  Id.  The amended complaint continues:

> Wal-Mart then acted in bad faith and retroactively cancelled [Grady's] leave of absence, and terminated him for not calling in on the days he missed work.  Wal-Mart did the foregoing knowing that it had given approval to Mr. Grady to take the medical leave from April 2, 2010 through April 9, 2010 and further knowing that Mr. Grady would not know that he would be expected to call in.

Am. Compl. ¶ 22.

Based on the foregoing, Grady claims that he "was terminated for doing something that public policy would encourage, namely, notifying his employer that he did not need his entire requested medical leave." Am. Compl. ¶ 21.

## Discussion

Grady seeks to amend his complaint to add a claim for wrongful discharge. Wal-Mart objects, arguing that Grady's proposed amendment would be futile because it does not state a claim for wrongful discharge. Wal-Mart is correct.

To prevail on his claim for wrongful discharge, Grady must prove "that: (1) his termination was motivated by bad faith, retaliation or malice; and (2) that he was terminated for performing an act that public policy would encourage or for refusing to do something that public policy would condemn." MacKenzie v. Linehan, 158 N.H. 476, 480 (2009) (citing Lacasse v. Spaulding Youth Ctr., 154 N.H. 246, 248 (2006)). "[T]he public policy violated by a wrongful discharge 'can be based on statutory or nonstatutory policy.'" Karch v. BayBank FSB, 147 N.H. 525, 537 (2002) (citing Cilley v. N.H. Ball Bearings, Inc., 128 N.H. 401, 406 (1986)). "In most instances, it is a question for the jury whether the alleged public policy exists." Cilley, 128 N.H. at 406 (citing Cloutier v. Great Atl. & Pac. Tea Co.,

121 N.H. 915, 922 (1981)).  On the other hand, "at times the presence or absence of such a public policy is so clear that a court may rule on its existence as a matter of law."  Short v. Sch. Admin. Unit No. 16, 136 N.H. 76, 84 (1992) (citation omitted).

Wal-Mart argues that Grady has identified no public policy encouraging the act for which he claims to have been discharged.  That is probably a meritorious argument, but Grady's claim suffers from a more fundamental problem.  As with the claim asserted by the wrongful-discharge plaintiff in MacKenzie, a rational juror could not find that Grady was discharged for the reason he says he was.  See 158 N.H. at 480-82.

Grady claims he was discharged for telling Wal-Mart that he did not need his entire requested medical leave.  A rational juror could not reasonably find that to have been the case.  Based on Grady's factual allegations, and all the reasonable inferences from those allegations that may be drawn in his favor, the notification he gave Wal-Mart's HR Department on April 6 was not the act that caused Wal-Mart to discharge him.  Rather, it was the vehicle through which Wal-Mart discovered the conduct on which it based its decision to discharge him.  That conduct was Grady's decision to remain out on FMLA leave for

7

four days before telling Wal-Mart that his surgery had been cancelled due to a medical complication. Thus, Grady was not discharged for the act of notifying Wal-Mart of the change in his medical situation; he was terminated for failing to notify Wal-Mart of his situation as soon as he learned of it and for remaining out of work on leave that was granted for surgery that he did not have.

Given the facts he has alleged, Grady has failed to state a claim for wrongful discharge. He was discharged for waiting four days after the cancellation of his surgery to inform Wal-Mart that, as a result of the cancellation, he would not need to use his full FMLA leave. Grady has identified no public policy, and the court cannot conceive of one, that would encourage an employee in Grady's position to wait four days after the cancellation of the surgery for which he was granted leave to tell his employer that the surgery had not taken place. Again, the reason for Grady's discharge was not the <u>fact</u> of his April 6 communication with Wal-Mart; he was discharged for the <u>content</u> of that communication, which was that he had spent the previous four days on FMLA leave without having had the surgery for which leave was granted in the first place.

Because Grady's proposed amended complaint does not state a claim for wrongful discharge, an amendment to add such a claim would be futile.  Accordingly, Grady's motion to amend is denied to the extent he seeks to add a claim for wrongful discharge.

### Conclusion

For the reasons given, Grady's motion to amend, document no. 9, is granted in part and denied in part.  Specifically, the court grants Grady's request to change the name of the defendant to Wal-Mart Stores East, LP, but denies his request to add a claim for wrongful discharge.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

October 28, 2011

cc: Christopher B. Kaczmarek, Esq.
    Jon Nathan Strasburger, Esq.